UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM WALLS,

    Plaintiff,

08-3283

MICHAEL KRESS et al.,

    Defendants.

### **Order**

    The plaintiff resides in the Rushville Treatment and Detention Center, presumably as a civil detainee. He has filed this lawsuit, along with a petition to proceed in forma pauperis.

    The bulk of the plaintiff's complaint challenges the commitment proceedings in state court which resulted in him being adjudicated a sexually violent person. His claims are effectively challenges to the fact of his detention, claims which cannot proceed under 42 U.S.C. § 1983. As far as federal court goes, these claims are only cognizable in a federal habeas action, if at all. *See Lieberman v. Thomas*, 505 F.3d 665 (7th Cir. 2007)(example of habeas action filed by detainee as sexually violent person).[1] Further, the prosecutors are entitled to immunity for their actions in pursuing the plaintiff's commitment. *See Davis v. Zirkelbach*, 149 F.3d 614, 617 (7th Cir. 1998)(prosecutors' decision to commence and continue prosecuting protected by absolute immunity); *Spiegel v. Rabinovitz*, 121 F.3d 251, 256-57 (7th Cir. 1997)(prosecutor absolutely immune from allegations that he intentionally overlooked witnesses and exculpatory evidence in bringing charge). These claims must therefore be dismissed, along with the defendants against whom the claims are made.

    The plaintiff also appears to allege that the conditions he is currently experiencing are unconstitutional. He seems to challenge alleged illegal electronic eavesdropping of his conversations, a campaign to induce him to commit suicide, intentional exposure to carbon

---

[1] That does not mean that the plaintiff will be able to pursue a habeas action. The plaintiff should carefully consider the legal consequences of pursuing a habeas corpus action. Habeas corpus actions have strict time limits, require exhaustion of state remedies, and require a showing that the state court ruling was "contrary to, or involved an unreasonable application of, federal law as determined by the Supreme Court, . . . ." 28 U.S.C. § 2254(b)(1). Additionally, if the first petition is denied, second or successive petitions are not allowed except under very limited circumstances. *See* 28 U.S.C. § 2244(b)(2).

dioxide and the AIDS virus to kill him, and electronic surveillance of his thoughts. The claim about reading his thoughts is clearly delusional, *see Neitzke v. Williams*, 490 U.S. 319 (1989). The other claims seem fantastical as well (except for the eavesdropping). More importantly, the plaintiff's allegations do not give rise to any plausible inference that Philips and Williams were involved were involved in any of these vague incidents or how. Accordingly, the entire complaint will be dismissed, but the plaintiff will be given a chance to file an amended complaint about the conditions he is currently experiencing.

IT IS THEREFORE ORDERED:

1) The plaintiff's petition to proceed in forma pauperis is granted (d/e 3).

2) The plaintiff's claims arising from his commitment as a sexually violent person are dismissed without prejudice, because they are barred by *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994) and progeny. Defendants Kress, Murphy, Unnamed Will County State's Attorney, Mr. O'Leary, and Ms. Greenly are dismissed, as they are implicated only in these claims.

3) The rest of the plaintiff's Complaint is dismissed for failure to state a claim. However, the plaintiff shall have until February 12, 2009, to file an amended complaint regarding the current conditions of his confinement. Failure to do so will result in termination of this case.

3) The plaintiff's motion for counsel (d/e 4) is denied, with leave to renew after he has filed an amended complaint, and after he has shown that he has made reasonable efforts to find an attorney on his own. This typically means writing to several different law firms/legal organizations and attaching their responses to the motion for counsel.

4) The hearing scheduled for February 4, 2009, is cancelled as unnecessary.

Entered this 13th Day of January, 2009.

<u>s\Harold A. Baker</u>
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE